IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:23-cr-00053-MR-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TORREY LANE HODSDEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Suppress [Doc. 23]; the Magistrate Judge's Memorandum and Recommendation regarding this motion [Doc. 59]; and the Defendant's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 62].

**I.      BACKGROUND**

The Defendant filed a Motion to Suppress on December 8, 2023. [Doc. 23]. Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Suppress and to submit recommendations for its disposition.

After conducting a four-day evidentiary hearing, the Magistrate Judge entered a Memorandum and Recommendation on July 2, 2024, which contained proposed findings of fact and conclusions of law in support of a recommendation denying the Defendant's motion. [Doc. 114]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.]. After receiving an extension of time to do so, the Defendant filed his Objections on August 9, 2024. [Doc. 62]. The Government timely filed a Response to the Defendant's Objections on August 23, 2024. [Doc. 65].

## II.  STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation. Fed. R. Crim. P. 59(b)(1). The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."

United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). Merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D.Va. 2008). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation and internal quotation marks omitted).

## III. DISCUSSION

The Defendant's Objections to the Memorandum and Recommendation are 87 pages in length. In the first section of his Objections, the Defendant notes his objections to "specific factual findings by the Magistrate Judge that are incorrect," as well as to "the Magistrate Judge's omission of facts, . . . which tend to dispel probable cause and which should be considered under the totality of the circumstances . . . ." [Doc. 62

at 2]. Rather than identify those specific factual findings or omissions, however, the Defendant proceeds to offer a 15-page recitation of what he considers to be the relevant facts, without specifically identifying which of those facts were either erroneously found or omitted by the Magistrate Judge in his analysis. [Id. at 2-17]. This manner of objecting fails to direct the Court direct the court to a specific error in the Magistrate Judge's proposed factual findings and therefore does not warrant *de novo* review. See Orpiano, 687 F.2d at 47. To the extent that the Defendant makes specific objections to the Magistrate Judge's factual findings and legal conclusions within the body of his Argument [Doc. 62 at 17-86], the Court reviews such findings and conclusions *de novo*.[1]

Having conducted a *de novo* review of the findings and conclusions set forth in the Memorandum and Recommendation to which timely and proper objections were made, the Court finds that the Magistrate Judge's proposed

---

[1] In his Objections, the Defendant also spends a number of pages arguing that the Magistrate Judge made certain conclusions correctly in his favor. [See, e.g. Doc. 62 at 21-23 (arguing that the Magistrate Judge "correctly concluded that a search for car keys would not justify a Gant evidentiary search") and 46-48 (arguing that the Magistrate Judge "correctly held that Mr. Hodsden had a reasonable expectation of privacy in his locked Jaguar")]. Such analysis was entirely unnecessary. The Government had not filed any objections to these conclusions, and therefore the Defendant had no obligation to address them. The pages that the Defendant spends arguing that the Magistrate Judge was correct in reaching some conclusions adds little to the legal analysis and is simply a waste of time and resources by the Defendant.

findings of fact are correct and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules the Defendant's Objections and accepts the Magistrate Judge's recommendation that the Defendant's Motion to Suppress be denied.

**IT IS, THEREFORE, ORDERED** that:

(1) The Defendant's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 65] is **OVERRULED**;

(2) The Magistrate Judge's Memorandum and Recommendation [Doc. 59] is **ACCEPTED**; and

(3) The Defendant's Motion to Suppress [Doc. 23] is **DENIED**.

**IT IS SO ORDERED.**   Signed: October 9, 2024

Martin Reidinger
Chief United States District Judge